**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PHILLIP HUMPHRIES,

      Plaintiff,

v.                No. CIV-00-0097 LH/WWD

GARY JOHNSON, ET AL.,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

    This matter is before the Court on a number of motions to dismiss (Doc. #20, #28, #30, #53, #55, and #57) filed by various Defendants. Plaintiff, a former New Mexico state prisoner, was released from custody before he filed his complaint. For the reasons below, the motions will be granted and certain of Plaintiff's claims will be dismissed.

    The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-security Wallens Ridge State Prison in Virginia, following a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico. In Count 1, Plaintiff alleges he was transferred even though he did not participate in the disturbance, he was given no prior notice or explanation for the transfer, and he was not re-classified to maximum security. He asserts his transfer violated federal and state constitutional rights of substantive and procedural due process. Count 2 asserts that Plaintiff is a third-party beneficiary to "an interstate compact" that was violated by the transfer and by related conditions of his confinement. In Count 3, Plaintiff alleges he was repeatedly subjected to strip searches and other body searches, and he was harshly restrained, in violation of the Fourth Amendment's protections against unreasonable search and seizure. Count 4 claims the harsh conditions during and after transfer violated federal and state constitutional



protections against cruel and unusual punishment. Count 5 claims Defendants' actions violated the Thirteenth Amendment's prohibition of slavery, and Count 6 asserts a conspiracy by Defendants to violate Plaintiff's various constitutional protections. Count 7 claims that Defendants' conduct was wanton, deliberate and malicious, entitling Plaintiff to punitive damages. All Defendants are named in their individual and official capacities. Plaintiff seeks damages and prospective equitable relief.

## I. Virginia Defendants

The first motion to dismiss (Doc. #20) was filed by Defendants Angelone and Young (the "Virginia Defendants"), who are employees of Virginia's corrections department. These Defendants assert that Plaintiff did not exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) before filing his complaint. Recent case law has clarified the mandatory character of § 1997e(a). *Booth v. Churner*, 531 U.S. 956, 121 S.Ct. 1819 (2001). Here, however, although Plaintiff does not argue the point, he was released from custody before he filed his complaint. Because Plaintiff was not a prisoner when he filed his complaint, *see* § 1997e(a) ("No action shall be brought . . . by a prisoner . . . ."), the exhaustion requirement does not apply to his claims. *Cf. Harris v. Garner*, 216 F.3d 970, 980 (11th Cir. 2000) (where complaint fails to comply with 1997e and plaintiff is subsequently released, complaint must be dismissed and refiled), *cert. denied*, --- U.S. ---, 121 S.Ct. 2214 (2001). This aspect of the Virginia Defendants' motion to dismiss will be denied.

Second, the Virginia Defendants claim they are not subject to this Court's in personam jurisdiction. Fed.R.Civ.P. 12(b)(2). Defendant Angelone is the Virginia Corrections Director, and Defendant Young is the Warden of Wallens Ridge. The complaint's only specific factual allegation against either Defendant is that Defendant Angelone "entered into the Memorandum of

Understanding" between the two states' corrections departments. Defendants assert that neither of them has the necessary minimum contacts with New Mexico such that this Court's exercise of personal jurisdiction over them would comport with the Due Process Clause. They also argue that they have not consented, explicitly or implicitly, to be sued in this Court. Plaintiff argues that the Virginia Defendants are subject to this Court's jurisdiction as a result of a memorandum of understanding and compacts between the two states and their corrections departments.

"Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000); *see also McChan v. Perry*, No. 00-2053, 2000 WL 1234844, at **1 (10th Cir. Aug. 31, 2000). Because nationwide service of process is not authorized by § 1983, *McChan*, 2000 WL 1234844, at **1, personal jurisdiction was not conferred by service of process on Defendants. And under pertinent Due Process analysis, Plaintiff's allegations regarding interstate compacts and a memorandum of understanding are inadequate to support this Court's jurisdiction of Virginia Defendants. Officials who effect and manage interstate agreements for inmate transfers do not thereby "purposefully avail[] themselves of the privilege of conducting activities within [receiving states]," *Hodgson v. Mississippi Dep't of Corrections*, 963 F. Supp. 776, 796 (E.D. Wis. 1997), nor should they "reasonably . . . anticipate being haled into court [t]here," *id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *and cf. Clayton v. Tansy*, 26 F.3d 980, 981-82 (10th Cir. 1993) (proper defendants are those in sending state, not receiving state). The Due Process Clause precludes this Court's exercise of in personam jurisdiction of these Defendants.

3

Nor have the Virginia Defendants consented to being sued in this Court. None of the language quoted from the memorandum of understanding indicates consent by either party to defend actions in the other state. The Virginia Defendants' motion to dismiss will be granted.

## II. New Mexico Defendants

### A. Motion to Dismiss No. I

Defendants Johnson, Perry, Shanks, Wilpolt, Tafoya, and Serna (the "New Mexico Defendants") have filed a number of motions to dismiss. The first of these (Doc. #28) seeks dismissal of all claims for failure to exhaust administrative remedies, a number of constitutional claims as a matter of law, and official-capacity and certain punitive-damages claims. As discussed above, the exhaustion requirement in 42 U.S.C. § 1997e(a) does not apply to Plaintiff, and this aspect of the motion will be denied.

The second ground asserted by Defendants is that they had no personal involvement in the alleged Fourth Amendment violations (Count 3) that occurred in Virginia. Plaintiff alleges that, during transport to and incarceration in Wallens Ridge, he was subjected to strip searches and other body searches.[1] No allegation is made that the New Mexico Defendants actually conducted or ordered these searches. In his response to the motion to dismiss, Plaintiff asserts the New Mexico Defendants participated in the alleged Fourth Amendment violations by their policies, procedures, acts and omissions.

Assuming for purposes of this opinion that a policy or action of the New Mexico Defendants

---

[1]     Plaintiff also alleges he was "harshly restrained, . . . and endure[d] long periods of . . . pain." These allegation will not be considered as part of Plaintiff's Fourth Amendment claim. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (" 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment.")

4

somehow caused the alleged searches, Plaintiff's allegations do not support a Fourth Amendment claim. Although "prisoners do retain a limited constitutional right to bodily privacy," *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), "[c]ourts must give great deference to the decisions of prison officials . . . [that are] 'reasonably related to legitimate penological interests.' " *Hayes*, 70 F.3d at 1146 (quoting *Turner v. Safley*, 482 U.S. 78, 85-86, 89 (1987). Here, although Plaintiff denies participation in the New Mexico disturbance, the transfer of inmates was for security reasons, and Plaintiff makes no allegation that the searches were, e.g., retaliatory or violative of religious beliefs. Plaintiff's claim under the Fourth Amendment will be dismissed.

Defendants challenge Plaintiff's Thirteenth Amendment claim on grounds of qualified immunity. As a preliminary matter, however, "[b]y its express language, the Thirteenth Amendment's prohibition of slavery does not apply to the imprisonment of a person lawfully convicted of a crime." *United States v. Reynolds*, 235 U.S. 133, 149 (1914); *Davis v. Hudson*, No. 00-6115, 2000 WL 1089510 (10th Cir. Aug. 4, 2000). Plaintiff cites no authority for the proposition that Defendants' physical and mental control, as well as shackles and chains, that were used during the inmate transfer amount to "badges and incidents of slavery." Most telling, perhaps, is that the complaint contains no allegation that Defendants applied these "badges" exclusively to African-American inmates. Plaintiff's allegations do not support a claim under the Thirteenth Amendment and this claim will be dismissed, although not for the reason asserted by Defendants.

Defendants ask that Plaintiff's substantive due process claim be dismissed because allegations of unconstitutional treatment of prisoners implicate the Eighth Amendment. Plaintiff counters that Defendants' decision to transfer him from New Mexico was "arbitrary in the constitutional sense," *Collins v. City of Harker Heights*, 503 U.S. 115, 130 (1992), and thus his

transfer was "inherently impermissible," *Ramos v. Gallo*, 596 F. Supp. 833, 837 (D. Mass. 1984), in violation of his substantive due process rights. Plaintiff's arbitrariness argument does not apply to prison transfers. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff's substantive due process claim will be dismissed, although, again, not for the reasons asserted by Defendants.

Defendants move for dismissal under the Eleventh Amendment of all claims against them in their official capacities. Plaintiff concedes that official-capacity claims for damages are barred but argues that his claims for injunctive relief are unaffected by the Eleventh Amendment. Here, because Plaintiff makes no allegation that he is currently being denied constitutional rights, his claim for injunctive relief is frivolous. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("when there is 'no ongoing violation of federal law,' 'a suit against a state officer--a suit the decision of which will as a practical matter bind the state--should be treated for what it is: a suit against the state.' ") (citations omitted); *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Plaintiff's claims, including claims for punitive damages, against Defendants in their official capacities will be dismissed. And last, Plaintiff's claims for punitive damages under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -29 (Michie 1996 and Cum. Supp. 2001), are precluded in the statute and will be dismissed. § 41-4-19(B); *Folz v. State*, 797 P.2d 246, 257 (N.M.

6

1990).

B. Motion to Dismiss No. II

In their second motion to dismiss (Doc. #30), the New Mexico Defendants contend that Plaintiff's allegations of state constitutional violations should be dismissed for failure to state a claim, or on grounds of sovereign and qualified immunity, or as a discretionary matter of supplemental jurisdiction. Plaintiff argues that his state constitutional rights may be vindicated notwithstanding the New Mexico Tort Claims Act, and qualified immunity is not a defense to state law claims.

Plaintiff's state constitutional claims will be dismissed because the New Mexico Defendants are immune to such claims. The New Mexico Tort Claims Act (the "Act") provides, with certain enumerated exceptions, immunity to tort liability for state entities and employees. *See* §§ 41-4-4 through -12. This immunity includes claims of constitutional violations, *Chavez v. City of Albuquerque*, 952 P.2d 474, 477 (N.M. Ct. App. 1997), and thus the question is whether waivers of immunity in the Act include the named Defendants or the alleged conduct. *See, e.g., Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). First, it is settled that the secretary of corrections and prison wardens are not law enforcement officers for purposes of the Act, *Anchondo v. Corr. Dep't*, 666 P.2d 1255, 1258 (N.M. 1983); *Wittkowski v. State*, 710 P.2d 93, 96 (N.M. Ct. App. 1985), *overruled on other grounds*, *Silva v. State*, 745 P.2d 380 (N.M. 1987), and thus immunity is not waived for the named New Mexico Defendants under § 41-4-12. And second, the actions complained of by Plaintiff are not in a category of conduct for which immunity is waived. *See* §§ 41-4-6, -9; *Archibeque*, 866 P.2d at 348-49 (administrators do not "operate" or "maintain" prison facilities for purposes of the Act). The New Mexico Defendants' second motion to dismiss will be granted.

C. Motions to Dismiss Nos. III, IV, and V

The New Mexico Defendants' third motion (Doc. #53) to dismiss asserts that Plaintiff's allegations regarding his placement, transfer, and administrative segregation fail to state a claim for violation of his due process rights. Defendants also assert qualified immunity to this claim. Plaintiff did not file a response to this motion. Plaintiff's failure to respond "constitutes consent to grant the motion" under D.N.M.LR-Civ. 7.5(b). Furthermore, for substantially the reasons set forth in the due process discussion above, this motion will be granted on the merits.

The fourth motion to dismiss (Doc. #57) argues that Plaintiff's allegations of mistreatment do not support an Eighth Amendment claim for cruel or unusual punishment. Plaintiff did not file a response to this motion. Plaintiff's failure to respond "constitutes consent to grant the motion." Furthermore, for substantially the reasons asserted by Defendants, this motion will be granted on the merits.

In their fifth motion (Doc. #55), Defendants seek dismissal of Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 for conspiracy and for violations of the Fourth and Fifth Amendments, and for injunctive relief. Plaintiff did not file a response to this motion. Plaintiff's failure to respond "constitutes consent to grant the motion." Furthermore, for substantially the reasons set forth above and as asserted by Defendants, this motion will be granted on the merits.

## III. Conclusion

Judgment will be entered on Plaintiff's claims in Counts 1, 3-6, and part of 7 in favor of the Virginia and New Mexico Defendants. Dismissal of these claims is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey,*

351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Counts 1, 3-6, and part of 7. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that all pending motion to dismiss (Doc. #20, 28, 30, 53, 55, and 57) are GRANTED, and

- Plaintiff's claims against Defendants Angelone and Young will be DISMISSED without prejudice;

- Counts 1 and 3-6 of the complaint against Defendants Johnson, Perry, Shanks, Wilpolt, Tafoya, and Serna in their individual capacities will be DISMISSED with prejudice;

- Plaintiff's claims in Count 7 for punitive damages under the New Mexico Tort Claims Act will be DISMISSED with prejudice;

- all of Plaintiff's claims against Defendants Johnson, Perry, Shanks, Wilpolt, Tafoya, and Serna in their official capacities will be DISMISSED with prejudice; and a form of judgment will be entered in accordance with Fed.R.Civ.P. 54(b).

UNITED STATES DISTRICT JUDGE